OPINION
Defendant James A. Menaul appeals a judgment of the Court of Common Pleas of Delaware County, Ohio, convicting and sentencing him for one count of fleeing and eluding in violation of R.C. 2921.331, with a specification that the appellant's operation of the motor vehicle caused a substantial risk of serious physical harm to persons or property, which elevated the offense to a fourth degree felony. The matter was tried before a jury, which convicted appellant on the underlying offense, and made a specific finding on the specifications. Appellant assigns three errors to the trial court:
ASSIGNMENTS OF ERRORS
 I. THE CONVICTION IN THE HE TRIAL COURT SHOULD BE REVERSED BECAUSE THE EVIDENCE PRESENTED TO THE JURY WAS INSUFFICIENT AS A MATTER OF LAW TO PROVE THE CONVICTION BEYOND A REASONABLE DOUBT.
 II. THE CONVICTION IN THE TRIAL COURT SHOULD BE REVERSED BECAUSE IT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 III. THE TRIAL COURT IMPROPERLY SENTENCED THE DEFENDANT ON A FELONY CONVICTION IN THAT THE EVIDENCE PRESENTED TO THE JURY WAS INSUFFICIENT TO SUPPORT A FINDING THAT THE DEFENDANT/APPELLANT OPERATED HIS MOTOR VEHICLE IN SUCH A MANNER AS TO CAUSE A SUBSTANTIAL RISK OF SERIOUS PHYSICAL HARM TO PERSONS OR PROPERTY.
At trial, the State presented the testimony of Officer Darrin Hutchinson, an officer with the Genoa Township Police Department. Officer Hutchinson testified on April 25, 1997, he detected by radar a vehicle going northbound on State Route 3 at 70 m.p.h. in a posted 55 m.p.h. zone. The officer activated his pursuit lights and siren, and attempted to effect a stop of the vehicle. The officer gave chase but was unable to overtake the vehicle, even though the police cruiser was traveling at speeds of 80 to 100 m.p.h. At this point, the officer determined to continue pursuit placed the officer, the accused, and other travelers at risk. The officer turned off his siren, and his pursuit lights, and abandoned the pursuit. Nevertheless, the officer was able to keep the vehicle in sight because there was little other traffic on the road. Eventually, the officer observed a truck matching the description of the vehicle he had pursued, in the Sunbury Library parking lot with no lights on. It was now nearly 2 o'clock in the morning and approximately ten miles from where the officer had first observed vehicle. The officer approached the pickup truck, and found the appellant urinating next to the vehicle. The officer identified the individual as the appellant, and asked if the appellant had been driving the motor vehicle. Appellant denied he had been driving the vehicle, but asserted "Joe" was the one driving, but had run away. Appellant offered no evidence.
 I and II
Appellant argues the judgment of the trial court was against both the manifest weight and sufficiency of the evidence. R.C.2921.331(B) provides no person shall operate a motor vehicle so as to willfully elude or flee a police officer after receiving a visible or audible signal from the police officer to stop the vehicle. Appellant asserts the State failed to prove the appellant received a signal from the police officer. Appellant argues in order to prove its case, the State must show he willfully committed the offense because he actually saw or heard the police officer signal him to pull over. The police officer did not testify appellant acknowledged he received the signal.
In State v. Thompkins (1997), 78 Ohio St.3d 380, the Ohio Supreme Court recently explored the similarities and distinctions between manifest and sufficiency of the evidence. The Supreme Court noted the concepts of the sufficiency of the evidence and weight of the evidence are both qualitative and quantitatively different. Sufficiency of the evidence refers to a legal standard which is applied to determine whether the evidence is legally sufficient to support a verdict as a matter of law, Thompkins at 386, citations deleted. Even if a judgment is sustained by sufficient evidence, the judgment may nevertheless be against the weight of the evidence, because the concept of the weight of the evidence concerns the amount of credible evidence offered in a trial in support of one side of the issue, Thompkins at 387, citations deleted.
Although, as appellant rightly points out, the State was unable to prove the appellant acknowledged seeing the officer's pursuit lights and/or hearing the officer's siren, nevertheless, we find there was sufficient evidence presented for the court to submit the issue to the jury, and there was sufficient evidence before the jury from which it could conclude beyond a reasonable doubt that appellant was guilty.
The first and second assignments of error are overruled.
 III
Finally, appellant argues he should not have been sentenced on the felony because there was insufficient evidence presented that his operation of his vehicle created a substantial risk of serious physical harm to persons or property. Appellant argues the officer's testimony shows that whoever was the driver of the vehicle, the driver was in control of motor vehicle at all times, in spite its excessive speed. Appellant points out there was no evidence of any near accident, nor any mechanical problem with the vehicle.
We find where the State presents evidence the accused operates a vehicle at over 100 m.p.h. in a 55 m.p.h. zone, on a two-lane road without street lights, at night, in the presence of other traffic, a jury could reasonably find the operation of that motor vehicle causes substantial risk of serious physical harm to persons or property.
We find the court did not err in accepting the jury's verdict and sentencing appellant on the felony specification. The third assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, P.J., Hoffman, J., and Reader, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to the appellant.